Teddy Lynn CLABORN, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–96–1353.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1997.

Motion to Publish Granted June 19, 1997.

### ORDER TO GRADY COUNTY COURT CLERK TO FILE APPELLANT'S SUPPLEMENTAL DESIGNATION OF RECORD AND READY RECORD FOR TRANSMISSION

On December 6, 1996, Appellant, through court-appointed counsel of the Oklahoma Indigent Defense System (OIDS), filed with this Court a "Motion to File Amended/Supplemental Designation of Record Out of Time, Brief in Support, And Request For Interpretation of Court Rules." The Appellant's Motion arises from a course of events stemming from OIDS' court appointment to represent Appellant in an appeal from Grady County District Court, Case No. CF–96–132. The chronology of events precipitating this Motion can be summarized as follows:

*October 29, 1996*—OIDS appointed as counsel for Appellant.

*November 22, 1996*—OIDS mails to the Grady County Court Clerk for filing a Supplemental Designation of Record (SDOR) which designates among other items, transcripts of Appellant's preliminary hearing. The SDOR contains a "Certificate of Mailing" certifying Appellant's counsel has sent by certified mail copies of the SDOR to court reporters Susan Anderson and Stacy Davis. Copy of SDOR also filed with Court of Criminal Appeals.

*December 2, 1996*—OIDS receives back by mail from the Grady County Court Clerk the unfiled original SDOR with a copy of subsection (G) of 12 O.S.Supp. 1996, § 990A.

By reason of the foregoing, Appellant complains that he has been unable to formally comply with the *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1996, Ch. 18 App.; specifically that directive contained at Section III, paragraph B(5) in Form 13.4 "Notice of Intent to Appeal" which states: "Any Supplemental Designation of Record by the Oklahoma Indigent Defense System pursuant to Section 1362 of Title 22 must be *filed and served* upon the appropriate court reporter(s) within thirty (30) days from the date of appointment." (Emphasis added.) The cited directive from Form 13.4 finds its

origination from this Court's Rule 2.1(B)(3). The "filed" referred to requires both filing in this Court as well as the supplemental designation's filing in the district court. The term "served" does not specifically call for a written acknowledgment by the court reporter as the only acceptable means of service upon the court reporter.

Oklahoma Statutes, Civil Procedure Title 12, Section 990A, is the statute apparently relied upon by the Grady County Court Clerk for rejecting and returning unfiled Appellant's SDOR. Section 990A by its own terms specifically relates to appeals to the Oklahoma Supreme Court and is thus not applicable in matters being appealed to the Oklahoma Court of Criminal Appeals. However, our Court does, at Rule 2.5(A), maintain a provision similar to that found in Section 990A.

The next to last sentence in Rule 2.5(A) states: "An additional copy [of the designation of record] must be served on, and receipt acknowledged by, the court reporter at the time of filing or immediately thereafter." Yet a complete reading of Rule 2.5(A) reveals that the "additional copy" of the designation of record being referenced is a copy of that designation of record which is to be filed by trial counsel within ten days of a defendant's Judgment and Sentence. Consequently, this provision of Rule 2.5(A) is not applicable to those supplemental designations which are filed by OIDS under 22 O.S.Supp.1995, § 1362 and Rule 2.1(B)(3). Thus, the Grady County Court Clerk's act of rejecting for filing the SDOR tendered by Appellant's OIDS counsel because such was not personally acknowledged by the court reporter, was an act without authority in statute or the Rules of this Court.

In light of the foregoing circumstances, we **FIND** that Appellant sufficiently complied with this Court's rules when it (1) served the required court reporters by certified mail with copies of the SDOR; (2) tendered the original SDOR for filing to the Grady County Court Clerk; (3) simultaneously tendered to the Grady County Court Clerk written proof of service upon the court reporters;[1] and (4) performed each of these acts within thirty (30) days of its appointment to Appellant's case.

Accordingly, the Grady County Court Clerk is hereby **ORDERED** to accept and file of record Appellant's SDOR and ready the record for transmission to this Court as required by this Court's rules. Appellant's OIDS counsel is hereby **ORDERED** within thirty (30) days from the date of this order to again tender the said SDOR to the Grady County Court Clerk for filing. Once filed within this thirty-day period, Appellant's SDOR shall be considered timely. The Office of the Grady County Court Clerk is further advised that in all future cases where OIDS has met each of the four numbered circumstances listed in the preceding paragraph, it shall accept for filing any supplemental or amended designation of record so tendered by OIDS and act upon the same as required by this Court's rules.

It is the further **ORDER** of this Court that 12 O.S.Supp.1996, § 990A is hereby construed as not applicable to any amended or supplemental designations of record timely filed by OIDS pursuant to 22 O.S.Supp.1996, § 1362, and Rule 2.1(B)(3), *Rules of the Court of Criminal Appeals*, 22 O.S.Supp. 1996, Ch. 18 App.

The Clerk of this Court is directed to forward a copy of this Order to the Clerk of the Grady County District Court, the Presiding Judge of the Grady County District Court, and to the District Attorney of Grady County, as well as to Appellant's counsel.

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
/s/ CHARLES S. CHAPEL,
Presiding Judge

/s/ Reta M. Strubhar
/s/ RETA M. STRUBHAR,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

---

1. As previously noted, the written proof of service in the case at hand took the form of a "Certificate of Mailing" attached to the back of the SDOR itself. This certificate asserted service upon the two court reporters involved by separate certified mailings of copies of the SDOR to the business addresses of each court reporter at the Grady County Courthouse.

/s/ James F. Lane
/s/ JAMES F. LANE, Judge
/s/ Charles A. Johnson
/s/ CHARLES A. JOHNSON, Judge